IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE MAURICE CARSTARPHEN, JR., AIS #302920, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  CIV. A. NO. 22-00412-JB-N |
| KENNETH GILLESPIE, *et al.*, | ) ) ) |
| Defendants. | ) |

**REPORT & RECOMMENDATION**

Before the Court is the fourth amended complaint filed by Plaintiff Andre Maurice Carstarphen, Jr. ("Carstarphen"), an Alabama prison inmate, proceeding *pro se*. (Doc. 14). Because Carstarphen is a prisoner, his complaint allegations must be reviewed pursuant to 28 U.S.C. § 1915A.[1] After a thorough review, and for the reasons stated in this report, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

Carstarphen's previous complaints have been screened by this Court and Carstarphen has repeatedly been instructed in the types of claims that are actionable under 42 U.S.C. § 1983. Indeed, the Court has expressly pointed out to Carstarphen when he has named defendants immune from suit, presented allegations that were frivolous or failed to state a claim upon which relief could be granted, and when he requested relief that was unavailable in a section 1983 action. (*See* Docs. 3, 8, 10).

---

[1] The assigned District Judge has referred said amended complaint (Doc. 14) to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/28/2023 electronic reference notation).

Most recently, on September 14, 2023, the Court explained to Carstarphen that his third amended complaint (Doc. 9), against Judge Wesley Pipes and Captain Rondella Howard, was due to be dismissed because Judge Wesley Pipes was immune from suit and the claim against Captain Rondella Howard was barred by the statute of limitations. (Doc. 10 at 4-7). However, the third amended complaint also contained vague, passing allegations that Carstarphen suffered injuries at the hands of inmates or correctional officers while incarcerated on July 7, 2021, December 9, 2022 and July 17, 2023. (*See* Doc. 9 at 4-6). Notably, these allegations raised the question of a possible constitutional violation of his Eighth Amendment rights, namely excessive force used against him and/or a failure to protect him. Construing Carstarphen's *pro se* complaint liberally, the Court allowed him a fourth opportunity to replead the complaint where a more carefully drafted complaint might state a claim for relief. In so doing, the Court also specifically identified the potential claims that Carstarphen might have, the applicable legal standard of each, and described for Carstarphen the necessary facts to provide in his future complaint to establish the Eighth Amendment claim(s). (*See Id*. at 7-11).

On September 28, 2023, the Court received Carstarphen's fourth amended complaint (Doc. 14), which is ripe for review.

**I.      Standard of Review.**

Pursuant to § 1915A, the complaint, or any part of it, will be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b)(1), (2). Dismissal for these causes is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the

complaint . . . ."). A claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes, where as a matter of law, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327. A claim may be dismissed for failure to state a claim upon which relief may be granted where the allegations lack plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While *pro se* pleadings, like this one, are liberally construed and held to a less stringent standard than pleadings drafted by attorneys, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), they must still comply with the court's procedural rules. This requires that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**II.    Discussion.**

Review of Carstarphen's fourth amended complaint reveals, instead of following the Court's directives, Carstarphen reverts to suing Defendants Judge Robert Smith, Judge Wesley Pipes, and Mobile Police Department Detective Kenneth Gillespie. (Doc. 14; *see also* Docs. 1, 5, 6, 9). Carstarphen alleges that on September 27, 2012, he was arrested for robbery under the wrong name and wrong social security number. He further claims his "trial was unfair" and he should never have been imprisoned because

the evidence brought against his was "a lie" and he was innocent. (*Id*.at 4). Specifically, he alleges retired Judge Smith acted "in the clear absence of jurisdiction" when Judge Smith permitted a retrial of him after three hung juries. He alleges Judge Pipes acted in the absence of his judicial authority when he wrongfully revoked Carstarphen's probation. (*Id*. at 5; Doc. 14-1 at 5). He alleges Detective Gillespie tampered with evidence when he came to Mobile County Metro Jail in April 2014 and obtained a mouth-swab from Carstarphen (pursuant to a court order signed by retired Judge Smith), which was used to secretly plant DNA evidence against him at his 2016 trial. Carstarphen requests monetary relief in the amount of one billion dollars, as well as immediate release from prison.

To start, Carstarphen has repeatedly been advised that he may not obtain release from prison under § 1983. (*See* Docs. 3, 8). Because Carstarphen has been found guilty of the charges of which he complains and his complaint allegations go to the fundamental legality of his conviction and sentence, he may only obtain relief through a petition for habeas corpus. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Notably, this Court has sent Carstarphen a copy of this Court's form for a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (*see* doc. 3 at 6), and Carstarphen has filed a petition for habeas relief in this court, alleging the same or similar facts asserted in this § 1983 action, *see* Case No. 23-cv-0004-JB-N.

To the extent that Carstarphen challenges the legality of his conviction or sentence, his claims are not cognizable in a § 1983 action "unless and until the

conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims are to be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The rule of *Heck* applies to parole and probation revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (stating that *Heck* applies to any suit 'premised ... on the invalidity of confinement pursuant to some legal process[.]'). Here, Carstarphen 's allegations against Detective Gillespie and Judges Smith and Pipes clearly pertain to their roles and actions taken in relation to his underlying conviction and prison sentence. Because ruling in favor of Carstarphen "would necessarily imply the invalidity of his conviction or sentence", his suit is barred by *Heck*. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."). Thus, for this Court to rule on Carstarphen's claims, he must first show that his confinement is invalid – that is that his conviction has been reversed or expunged – and Carstarphen has not done this. Therefore, as the Court previously advised Carstarphen, *see* doc. 8 at 9-11, his § 1983 claims are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), as they are not actionable and are frivolous as a matter of law.

Moreover, Judge Wesley Pipes and retired Judge Robert H. Smith are immune from suit, here. It is well established that a plaintiff may not maintain a suit for damages against judges acting in their judicial capacity, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curium), "unless he acted in the clear absence of all jurisdiction." *Stump v.*

*Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks and citation omitted). A judge is entitled to judicial immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. *Stump*, 435 U.S. at 356. Furthermore, a judge's jurisdiction is to be construed broadly. *Id.*

The factual allegations asserted against both defendants are typical judicial acts taken by a judge in a criminal case. *See Stump*, 435 U.S. at 362 (a judicial act is "a function normally performed by a judge," and to the expectations of the parties, i.e., ... they dealt with the judge in his judicial capacity); *Mitchell v. State*, 462 So.2d 740, 742 (Ala. Crim. App. 1984) (explaining probation revocation is a judicial function, not ministerial duty). Defendants Smith and Pipes were therefore acting in their judicial capacity at the times Carstarphen challenges; thus, the first prong of the judicial immunity test is satisfied. As to the second prong, Alabama circuit court judges have exclusive original jurisdiction over all felony prosecutions, Ala. Code § 12-11-30(2) (1975), and Carstarphen has provided no allegations or facts which suggest these defendants acted in clear absence of all jurisdiction.

Accordingly, Defendants Smith and Pipes are entitled to judicial immunity on the claims asserted against them, and these claims are due to be dismissed pursuant to § 1915A(b)(1) and (2).

### III. Conclusion.

For the reasons discussed, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), (2). Because Plaintiff Carstarphen has been given multiple opportunities to amend his complaint to state a claim upon which relief may be granted,

and he has repeatedly failed to do so, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this the 17th day of October, 2023.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**